# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MONICA M. SMITH**<br>9161 W. Timberview Dr<br>Newport, Michigan 48166 | * <br><br> * | **Case No.**<br><br>**Judge** |
| Plaintiff, | * | **COMPLAINT; JURY DEMAND<br>ENDORSED HEREON** |
| v. | * | |
| **OAKWOOD HEALTHCARE<br>INC. dba COREWELL HEALTH<br>TRENTON HOSPITAL fka<br>BEAUMONT HOSPITAL -<br>TRENTON**<br>26901 Beaumont Boulevard, Suite<br>6D<br>Southfield, Michigan 48033 | * <br><br> * <br><br> * <br><br> * <br><br> * | Francis J. Landry   (0006072)<br>Katherine A. Pawlak Macek (P75029)<br>**WASSERMAN, BRYAN, LANDRY<br>& HONOLD, LLP**<br>1090 W. South Boundary St<br>Suite 500<br>Perrysburg, Ohio 43551<br>Telephone:  (419) 243-1239 |
| Defendant. | * <br><br> * | Facsimile:  (419) 243-2719<br>Email: FLandry308@aol.com<br>          kmacek@wblhlaw.com<br>Attorneys for Plaintiff<br>Monica M. Smith |

\*     \*     \*     \*     \*     \*     \*     \*

## JURISDICTION

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of 42 U.S.C. 1981. This action is further for a violation of the Family and Medical Leave Act. Supplemental jurisdiction is also invoked over state law claims resulting from an alleged unlawful discrimination in employment in violation of the

1

Michigan Persons with Disabilities Act and the Elliott- Larsen Civil Rights Act which prohibit disability, race and age discrimination.

## PARTIES

2.     Plaintiff, Monica M. Smith, is a citizen of the United States and a resident of Newport, Michigan, who has been employed by Defendant from January of 2022 until her termination on October 13, 2023. At all times material hereto, Plaintiff has been an employee of an employer within the meaning of the Michigan Persons with Disabilities Act, the Elliott Larsen Civil Rights Act, the Family and Medical Leave Act, and 42 U.S.C. 1981.

3.     Plaintiff states that the Defendant is a Michigan corporation with a place of business in the City of Trenton, County of Wayne, State of Michigan.  Defendant's headquarters and principal place of business are in the state of Michigan.  Defendant at all times had more than fifty (50) employees and was also an employer within the meaning the Michigan Persons with Disabilities Act, the Elliott Larsen Civil Rights Act, the Family and Medical Leave Act, and 42 U.S.C. 1981.

## VENUE

4.     The acts that gave rise to the claims in this matter occurred in Trenton, Michigan. .

## GENERAL ALLEGATIONS

5     Plaintiff began working for Defendant in January of 2022, as a Patient Companion/Patient Sitter.

6.     Plaintiff was well qualified for her position due to her education and experience.

7.     Plaintiff performed her job well, and to the reasonable expectations of her employer.

8.     Plaintiff was diagnosed with breast cancer, and during her employment with Defendant, underwent radiation therapy.

9.     Plaintiff requested FMLA leave due to her cancer and the radiation therapy she underwent.

10.     Plaintiff was granted FMLA leave, but upon her request for FMLA leave, her supervisor began a pattern and practice of treating Plaintiff differently and nitpicking regarding her performance.

11.     Plaintiff was terminated on October 13, 2023 for allegedly sleeping on the job.

12.     Plaintiff had not received any prior warnings or discipline.

13.     The reason for Plaintiff's termination was false and pretextual, as she was not sleeping on the job.

14.     Other employees have fallen asleep on the job and are still employed with Defendant.

### FIRST CLAIM FOR RELIEF
### 42 USC 1981, Race Discrimination

15.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fourteen (14) of this Complaint, supra, by reference in its entirety as if fully restated herein.

16.     Plaintiff is an African American individual.

17.     Plaintiff performed her job well, and was a highly rated individual. She was well qualified for her position by virtue of her education and experience.

18.     Plaintiff was terminated on October 13, 2023 for allegedly sleeping on the job. Plaintiff contends that the reasons advanced by Defendant for her termination were false and pretextual as she was not sleeping on the job.

19.     Caucasian employees have fallen asleep on the job and are still employed with Defendant.

20.     Plaintiff states that similarly situated non-African American employees were more favorably treated. They were permitted not written up for the same issues as Plaintiff and were retained in their positions. In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of/because of her race in violation of 42 U.S.C. Section 1981.

21. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### SECOND CLAIM FOR RELIEF
### Family and Medical Leave Act– 29 U.S.C. Sections 2601 et seq.

22.     Plaintiff incorporates each and every allegation contained in paragraph one (1) through twenty-one (21) by reference in its entirety as if fully restated herein.

23.     Plaintiff suffered from breast cancer and underwent radiation therapy during her employment with Defendant.

24.     Plaintiff requested FMLA leave due to her cancer and the radiation therapy she underwent. Plaintiff was granted FMLA leave, but upon her request for FMLA leave, her supervisor began a pattern and practice of treating Plaintiff differently and nitpicking regarding her performance.

25.     Plaintiff was terminated on October 13, 2023 for allegedly sleeping on the job. At the time of and prior to her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations, and was a highly rated and skilled employee.

26.     At the time of her termination, Plaintiff was employed for more than twelve months and worked more than 1250 hours during the 12 months preceding the incident which gave rise to her termination.

27.     Plaintiff contends that the reasons advanced by Defendant for her termination were false and pretextual as she was not sleeping on the job.

28.     Plaintiff states that Defendant's action in terminating her employment constituted discrimination and retaliation against Plaintiff because of her previous and continued usage of

FMLA leave. Said conduct of Defendant is actionable pursuant to 29 U.S.C. Sections 2615 and 2617.

29. As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of her job position including back pay, future pay, and lost fringe benefits and pension benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment. By virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages. Plaintiff has also been forced to incur court costs and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Michigan Persons with Disabilities Act No. 220, Public Acts of 1976

30. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-nine (29) of this Complaint, supra, by reference in its entirety as if fully stated herein.

31. Plaintiff states that at and prior to her termination, she was a disabled individual within the meaning of the Michigan Persons with Disabilities Act No. 220, Public Acts of 1976, as amended.

32. Plaintiff states that on October 13, 2023, Defendant terminated her employment because of her disability. Plaintiff states she suffers from breast cancer, and underwent radiation therapy. Plaintiff states that her disabling conditions substantially limit one or more major life activities including but not limited to cell growth. Plaintiff states that she gave proper notification to her employer and her employer was otherwise aware of her condition, due to her request for FMLA leave and short term disability leave.

33. Plaintiff was terminated on October 13, 2023 for allegedly sleeping on the job. Plaintiff contends that the reasons advanced by Defendant for her termination were false and pretextual as she was not sleeping on the job.

34. Plaintiff can safely and substantially perform the essential functions of her job, and did so throughout her employment.

35.     At the time of and prior to her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations and was highly rated and skilled employee.

36.     Plaintiff states that in terminating her employment, the Defendant violated and/or intentionally violated the Michigan Persons with Disabilities Act No. 220, Public Acts of 1976, as amended.

37.     As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### Age Discrimination—Elliott-Larsen Civil Rights Act

38.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-seven (37) of this Complaint, supra, by reference in its entirety as if fully restated herein.

39.      Plaintiff was fifty-three (53) years old when she was terminated.

40.     Plaintiff performed her job well, and was a highly rated individual. She was well qualified for her position by virtue of her education and experience.

41.     Plaintiff was terminated on October 13, 2023 for allegedly sleeping on the job. Plaintiff contends that the reasons advanced by Defendant for her termination were false and pretextual as she was not sleeping on the job.

42.     Similarly situated younger employees have fallen asleep on the job and are still employed with Defendant.

43.     Plaintiff states that similarly situated younger employees were more favorably treated. They were permitted not written up for the same issues as Plaintiff and were retained in their positions. In terminating Plaintiff, Defendant has intentionally discriminated against her on the

basis of/because of her age in violation of the Elliott-Larsen Civil Rights Act No 453, Public Act of 1976 as amended.

44.    As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**FIFTH CLAIM FOR RELIEF**
**Race Discrimination—Elliott-Larsen Civil Rights Act**

45.    Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-four (44) of this Complaint, supra, by reference in its entirety as if fully restated herein.

46.    Plaintiff is an African American individual.

47.    Plaintiff performed her job well, and was a highly rated individual. She was well qualified for her position by virtue of her education and experience.

48.    Plaintiff was terminated on October 13, 2023 for allegedly sleeping on the job. Plaintiff contends that the reasons advanced by Defendant for her termination were false and pretextual as she was not sleeping on the job.

49.    Similarly situated Caucasian employees have fallen asleep on the job and are still employed with Defendant.

50.    Plaintiff states that similarly situated Caucasian employees were more favorably treated. They were permitted not written up for the same issues as Plaintiff and were retained in their positions. In terminating Plaintiff, Defendant has intentionally discriminated against her on the basis of/because of her race in violation of the Elliott-Larsen Civil Rights Act No 453, Public Act of 1976 as amended.

51.     As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff prays for an order of full back pay, seniority and benefits. Plaintiff further demands a judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees. Plaintiff also seeks prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief to which she may appear to be entitled.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**


_/s/ Katherine A. Pawlak Macek_____
Katherine A. Pawlak Macek, Attorney for
Plaintiff, Monica M. Smith

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause


_/s/ Katherine A. Pawlak Macek_____
Katherine A. Pawlak Macek

8